IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| ) | |
| ) | |
| v. ) | Criminal No. 07-100 |
| ) | |
| JERMAINE ALLEN, ) | |
| ) | |
| Defendant. ) | |

MEMORANDUM ORDER

Defendant requested hearing on grant of pretrial detention for defendant Jermaine Allen issued by a magistrate judge. After a de novo review of the pleadings in this case, a pretrial services recommendation, the arguments of counsel, and two hearings at which evidence and proffers of evidence were presented, this court denied defendant's request for bail on the record and ordered defendant Jermaine Allen detained without bond pending trial. This memorandum order sets forth the reasons for the court's decision, which were detailed on the record.

Standard

The court's standard of review for reviewing a magistrate judge's decision regarding bail is de novo. United States v. Delker, 757 F.2d 1390, 1394 (3d Cir.1985).

Facts

Defendant was indicted by a grand jury for serious drug offenses under 21 U.S.C. § 841 (b)(1)(A)(ii) and 21 U.S.C. § 841 (b)(1)(A)(iii). The maximum sentence for the offenses is life imprisonment with a mandatory minimum sentence of at least ten years imprisonment. (Docket No.1). The alleged offenses occurred in or around July 2004, to on or about February 26, 2007.

During this time period, a confidential informant (the "CI") alleged that the CI purchased ounce quantities of cocaine from defendant. The CI indicated that the CI had also purchased drugs from the defendant in the past and that several of the co-defendants indicated that defendant was the source of their cocaine. The CI informed law enforcement officers that the CI knew that defendant supplied, co-defendant, Anthony Greene, with cocaine. Based on an investigation into the illegal drug trafficking, law enforcement officers secured a search warrant and executed the search warrant on defendant's residence. The search yielded $12,000 in cash, $9,000 of which was found in a paper bag in a dryer located in defendant's home.

With respect to defendant's background, defendant has three firearms convictions and no meaningful employment history or verifiable source of income. Defendant presented evidence that he is self-employed, but did not produce evidence of income commensurate with even a modest life style. Defendant has family ties in Western Pennsylvania. Defendant, however, has had extensive interaction with the criminal justice system and committed various firearm and violent crimes in the past. The government argued that defendant should be considered a flight risk. The court found, however, that based on the evidence presented, the defendant rebutted the presumption that he was a risk of flight and the government did not meet its burden to show that defendant presented a risk of flight.

## Discussion

The structured system of the Bail Reform Act, 18 U.S.C. §§ 3141 et seq., regarding the release or detention of a defendant before trial seeks to ensure that the interests of the defendant and the public are carefully considered and contemplated before release or detention is ordered. See United States v. Lemos, 876 F.Supp. 58, 59 (D.N.J.1995). The court is charged with

determining whether there exists "any condition or combination of conditions set forth in [18 U.S.C. § 3142(c)] that will reasonably assure the appearance of the [defendant] as required and the safety of any other person and the community...." 18 U.S.C. § 3142(f), see Lemos, 876 F.Supp. at 59 (stating that "[a] condition precedent to detention without bail under subsection (e) is that a hearing be held as provided in subsection (f).").

Section 3142(c)(1)(B) of the Bail Reform Act sets forth a nonexclusive list of conditions that a court may impose upon granting a defendant's motion for pretrial release. If no sufficient condition or combination of conditions exists, however, the court may order that a defendant be detained without bail pending trial.

Section 3142(e) of the Bail Reform Act provides, in pertinent part:

> If, after a hearing pursuant to the provisions of subsection (f) . . ., the judicial officer finds that no condition or combination of conditions will reasonably assure the appearance of the [defendant] as required and the safety of any other person and the community, such judicial officer shall order the detention of the [defendant] before trial. . . .
> . . . .
>
> Subject to rebuttal by the [defendant], it shall be presumed that no condition or combination of conditions will reasonably assure the appearance of the [defendant] as required and the safety of the community if the judicial officer finds that there is probable cause to believe that the [defendant] committed an offense for which a maximum term of imprisonment of ten years or more is prescribed in the Controlled Substances Act, 21 U.S.C. § 801 et seq., . . . .

18 U.S.C. § 3142(e).

A grand jury indictment for offenses proscribed by 21 U.S.C. § 841(a)(1) provides probable cause to believe that a defendant has committed an offense for which he may receive a

sentence of imprisonment for ten or more years for violation of the Controlled Substances Act, 21 U.S.C. § 801 et seq. See, e.g., United States v. Suppa, 799 F.2d 115, 119 (3d Cir.1986).

In this case, the rebuttable presumption set forth in section 3142(e) applies because defendant was indicted by a grand jury with conspiracy to distribute and possess with the intent to distribute 50 grams or more of a mixture and substance containing a detectable amount of cocaine base, in a form commonly known as crack, and 5 kilograms or more of a mixture and substance containing a detectable amount of cocaine. (Doc. No. 1). The record indicated that defendant has one prior felony drug conviction. As a result of this conviction, defendant faces a minimum term of imprisonment of twenty years and possibly a mandatory sentence of life imprisonment. See 21 U.S.C. §§ 841(b)(1)(A)(ii) and (iii). Thus, subject to rebuttal by defendant, it is "presumed that no condition or combination of conditions will reasonably assure the appearance of the person as required and the safety of the community. . . ." 18 U.S.C. § 3142(e).

The court finds that defendant rebutted the presumption that he was a risk of flight by presenting evidence of his ties to the community and his appearances in court for other crimes for which he was charged in the past. The government, once the presumption is rebutted, must prove by clear and convincing evidence that defendant is a risk of flight. The court finds that the government here did not make the requisite showing of defendant's risk of flight. Accordingly, the remaining issue is whether defendant rebutted the presumption that no condition or combination of conditions will reasonably assure the safety of the community if defendant is released pending trial and if so, whether the government presented clear and convincing evidence that there are no conditions which will reasonably assure the safety of the community.

Safety of the community is implicated not only by violence, but also by narcotics trafficking. In cases involving the instant drug offenses, the danger to the community is the likelihood that the defendant will, if released, traffic in illicit drugs. See United States v. Perry, 788 F.2d 100, 111 (3d Cir.1986)(danger to community arises from the likelihood that the defendant will, if released, commit one of the proscribed federal offenses). Cf. United States v. Strong, 775 F.2d 504, 507 (3d Cir.1985)(statutory language unequivocably establishes that Congress intended to equate traffic in drugs with a danger to the community).

A defendant must produce only "some evidence" to rebut the presumption set forth in section 3142(e). United States v. Jessup, 757 F.2d 378, 384 (1st Cir.1985). The quantum of evidence required to rebut the presumption is not high. Rather, the defendant need only come forward with credible evidence conflicting with the presumption. Id. at 383. When a defendant produces conflicting evidence the presumption, however, does not disappear. The burden of persuasion remains on the government and the rebutted presumption retains evidentiary weight. See United States v. Carbone, 793 F.2d 559, 560-61 (3d Cir.1986)(per curiam). See also United States v. Dillon, 938 F.2d 1412, 1416 (1st Cir.1991); United States v. Palmer-Contreras, 835 F.2d 15,18 (1st Cir.1987)(per curiam ).

In producing evidence to rebut the presumption, a defendant looks to the four factors which the court must consider in determining whether pretrial detention is warranted. See United States v. Mercedes, 254 F.3d 433, 436 (2d Cir.2001) (to determine whether the presumption of dangerousness has been rebutted, the court should consider the factors set forth in 18 U.S.C. § 3142(g)). The four factors are: (1) the nature and seriousness of the offense charged; (2) the weight of the evidence against the person; (3) the history and characteristics of

5

the person including, inter alia, character, employment, family ties, community ties, length of residence in the community and criminal history, whether at the time of the current offense or arrest, the person was on probation, on parole, or on other release pending trial, for an offense under federal, state, or local law; and (4) the nature and seriousness of the danger to any person or the community that would be posed by the defendant's release. 18 U.S.C. § 3142(g).

The court concludes that it is a close question whether defendant rebutted the presumption that no condition or combination of conditions would reasonably ensure the safety of the community if he is released. The evidence presented by defendant is not strong evidence but it may be enough to show that the presumption was rebutted. The court will, for the purpose of deciding this matter, consider the presumption to have been rebutted. Assuming, therefore, that defendant rebutted the presumption, the government, by clear and convincing evidence, must persuade the court that no condition or combination of conditions would reasonably ensure the safety of the community if defendant were to be released. If the presumption is rebutted, the facts employed to support a detention must "be supported by clear and convincing evidence." 18 U.S.C. § 3142(f); see Perry, 788 F.2d at 115 ("The clear and convincing standard does not even operate until the defendant has come forward with some evidence of lack of dangerousness.").

As noted above, violence is not the only danger to the community this court must consider. The court must also consider the danger of trafficking in illicit drugs. When determining whether to detain defendant the court must, in essence, make a prediction as to whether defendant is likely to traffic in illicit drugs if released pending trial based on, inter alia, the factors prescribed by the Bail Reform Act. See Perry, 788 F.2d at 114-15 ("the dangerousness determination involves a prediction of the detainee's likely future behavior.").

6

Applying section 3142(g)'s factors to the instant case, this court first concludes that the defendant was indicted for serious drug offenses.  Indeed, the offenses with which he is charged carry a mandatory term of imprisonment of at least ten years.  Second, the weight of the evidence against defendant as presented by the government, albeit historical,  favors the government.  The government presented evidence that the CI purchased drugs from the defendant and was told that defendant was the source of supply for at least some of the co-defendants.  During the search of defendant's residence incident to a search warrant $12,000 was found, of which $9,000 was found in a paper bag in a dryer.  The serious offenses with which defendant was charged involve drug trafficking and the weight of the evidence is against defendant.

Third, while defendant has family ties, the record indicates that defendant has no verifiable source of income and has three firearms convictions.  There was no evidence that defendant had a lavish lifestyle.  Indeed, defendant's rent is only $475 per month.  Defendant's neighbor testified that she had not seen defendant drive luxury vehicles and that defendant typically worked on older cars in front of his home.  Despite the lack of a lavish lifestyle, defendant has no verifiable income to support even the modest lifestyle that he claims.  Defendant has no meaningful employment history.  While defendant presented evidence that he is self-employed, owning an entertainment company, his financial records indicate that defendant earned only $2,160 in January 2007.  During the month of January 2007, however, defendant purchased three automobiles for an amount totaling $6,065.  Def. Ex. E.  The record is devoid of any evidence that establishes the source of money defendant used to purchase these vehicles.  Additionally, a witness testified that sometime late in 2003 she loaned defendant $75,000 to establish his business.  The witness had no knowledge of the nature of defendant's business.  The

7

witness indicated that defendant repaid the loan in cash within two to three years. Defendant was able to repay this loan without any verifiable means of income.

Although defendant presented evidence that he was self-employed, the proceeds from the business are not commensurate with defendant's ability to support his modest lifestyle, pay a $75,000 loan in cash, or have $12,000 located in his home. Further, defendant's mother, Rose Allen, testified that she was given a 2007 Cadillac Escalade by someone. The defendant's father, during the course of the investigation, indicated that defendant had purchased that car for his mother. Although defendant's mother testified there was a bad relationship between defendant and his father, the court does not find credible Rose Allen's statements that she could not remember who gave her this luxury vehicle.

Finally, the danger present in this case is that, if released, defendant will continue to traffic in illicit narcotics. Based upon the evidence of drug trafficking involved in the charges present in this case, defendant's lack of employment history or any verifiable income, this court predicts that defendant will likely continue to engage in the same behavior if he is given the opportunity to do so. Thus, even if defendant had rebutted the section 3142(e) presumption, this court finds after considering the record as a whole that there is no condition or set of conditions which would reasonably assure that defendant would not engage in drug trafficking on release. In light of defendant's background and since the weight of the evidence is against defendant and the presumption retains evidentiary weight, this court cannot conclude that any condition or set of conditions, if imposed, would reasonably assure the safety of the community.

Here, the record reflects that even had the defendant met his burden to overcome the section 3142(e) presumption, the government has shown by clear and convincing evidence that

no condition or combination of conditions would reasonably ensure the safety of the community if defendant were released pending trial.

THEREFORE, this 25th day of June, 2007, IT IS HEREBY ORDERED that the defendant shall be detained pending trial and committed to the custody of the Attorney General for confinement in a corrections facility separate, to the extent practicable, to persons awaiting or serving sentences or being held in custody pending appeal.

IT IS FURTHER ORDERED that defendant shall be afforded reasonable opportunity for private consultation with his attorney.

IT IS FINALLY ORDERED that, upon order of the court or upon request of an attorney for the government, a person in charge of the correctional facility in which the defendant is confined shall deliver the defendant to a United States Marshal for the purpose of an appearance in connection with a court proceeding.

/s/ JOY FLOWERS CONTI
Joy Flowers Conti
United States District Judge

cc:  Counsel of Record